BLANCHE, Judge.
Plaintiff, Janice E. Mann, instituted this suit for damages which she sustained in an automobile accident occurring on the evening of November 18, 1970, when she was a guest passenger in a 1961 Ford driven by Mark Buhler. As the Buhler vehicle was proceeding in a westerly direction on Greenwell Street in Baton Rouge, Louisiana, and approached an oncoming Oldsmobile driven by Catherine Jones, both vehicles neared a private driveway on the north (or Buhler) side of the street. From this driveway Mrs. Jeanette B. Con-leay had begun to back her 1966 Chrysler. Since it allegedly appeared to Miss Jones that a collision might result from the backing maneuver, she swerved her car to the right, going onto the shoulder, then lost control, veering to the left, across the street, and struck the Buhler vehicle head-on. In the collision plaintiff was thrown into the windshield, suffering severe facial lacerations and knee injuries.
The defendants are Jeanette B. Conleay; Cumis Insurance Society, liability insurer of the vehicle driven by Mrs. Conleay; Lawrence E. Conleay, husband of Mrs. Conleay; and Dillard Blackard, owner of the automobile driven by Mrs. Conleay and her father. Mr. Blackard was dismissed from the suit prior to trial as a result of the sustaining of a peremptory exception by the trial court.
The trial judge rendered judgment for defendants, dismissing plaintiff’s suit at her costs. From this judgment, plaintiff has devolutively appealed. We affirm.
Plaintiff urges two specifications of error which we deem do not require an answer, as the essential inquiry on appeal is whether the backing maneuver of defendant, Mrs. Conleay, created a sudden emergency for Miss Jones causing her to take evasive action which resulted in the loss of control of her vehicle and the ensuing injuries to the plaintiff.
Neither Miss Jones nor Mark Buhler could recall what occurred. Prior to the *525 collision, the Jones vehicle left 183 feet of skid marks which depicted the fact that the right wheels went off the paved portion of the street and onto the shoulder of the road, then back onto the street and across into Buhler’s lane of travel. The skid marks further confirm the fact that Miss Jones was indeed taking evasive action around the driveway out of which Mrs. Conleay was backing.
The plaintiff testified that Mrs. Conleay was either turning into or backing out of the driveway. She could see both taillights at an angle to the road. With regard to how far the Conleay car entered Greenwell Street, she testified that she believed that the left taillight was at the edge of the street. Prior testimony given by her at a City Court trial of a traffic violation in connection with the accident is to the same effect. Her testimony there indicated that she observed the Conleay vehicle backing out, though she could not tell how far it was from the road (Greenwell Street) but that they (Buhler) were going to slow down to let her out. Her other testimony at that hearing indicated that possibly the tail end of the Conleay car came out in the road but not very far. This testimony is somewhat corroborated by Mrs. Conleay. She testified that her back bumper would have extended into the street but denied that her tires were in the street. It is to be noted that there is no evidence of Mrs. Conleay’s backing out of the driveway at a rapid or an excessive rate of speed or in a fashion so as to create the appearance that the Conleay vehicle would back into Miss Jones’ lane of travel.
The foregoing considered, the trial judge was justified in concluding that the backing of the Conleay vehicle did not pose an emergency to Miss Jones and that Miss Jones overreacted and ran off the road and lost control of her car. We need not decide whether the excessive speed found by the trial judge caused Miss Jones to lose control, inasmuch as the emergency in Miss Jones’ mind under the evidence should not be attributed to the manner in which Mrs. Conleay was backing out of the driveway.
Plaintiff cites the case of Higginbotham v. Frazier, 92 So.2d 89 (La.App. 1st Cir. 1957), certiorari denied, April 1, 1957, where a two-ton Dodge truck-van loaded with 9,000 pounds of milk turned right into the main highway from a private driveway and created an emergency to an approaching motorist by encroaching into the approaching motorist’s lane of travel. The defendant cites the case of Josey v. Granite State Fire Insurance Company, 122 So.2d 303 (La.App. 2nd Cir. 1960), certiorari denied, October 5, 1960, where the Court did not regard the fact of encroachment into plaintiff’s lane of travel as a fact upon which to base liability. What constitutes a sudden emergency is entirely dependent upon the peculiar facts of each case, and neither of the foregoing cited cases is factually apposite to the case here.
Accordingly, the judgment appealed from is affirmed, at the cost of plaintiff-appellant.
Affirmed.